MARTIN, Chief Judge.
Defendant appeals from judgments imposing active sentences entered upon his conviction by a jury of three counts of first degree sex offense and four counts of taking indecent liberties with a child. Evidence at trial tended to show V.C., age twelve, and his younger brother, C.C., age ten, spent the weekend of June 14-16, 2002, at defendant's home. The boys played strip card games with defendant, slept naked in the bed with him, and masturbated him. The State's evidence also tended to show, inter alia, defendant performed fellatio and had anal sex with C.C. Although defendant admitted things got out of hand with the boys, he claimed he stopped them before much physical activity tookplace.
Defendant first contends he failed to receive effective assistance of counsel because his trial counsel failed to object to testimony by the investigating officer that defendant was offered, and accepted, a polygraph test. In addition, he argues the trial court committed plain error by allowing the testimony and giving no curative instruction to the jury.
In order to prevail on a claim of ineffective assistance of counsel, defendant must satisfy a two-prong test using "an objective standard of reasonableness." State v. Braswell, 312 N.C. 553, 561-563, 324 S.E.2d 241, 248 (1985) (citation omitted). First, the defendant must establish that counsel's performance was so deficient that "counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." Strickland v. Washington, 466 U.S. 668, 687, 80 L. Ed. 2d 674, 693 (1984). Second, defendant must demonstrate the deficient performance prejudiced the defense to the extent that it deprived defendant of a fair trial. Id. "The fact that counsel made an error, even an unreasonable error, does not warrant reversal of a conviction unless there is a reasonable probability that, but for counsel's errors, there would have been a different result in the proceedings." Braswell, at 563, 324 S.E.2d at 248.
Detective Donna Simpson, employed in the Special Crimes Unit of the Brunswick County Sheriff's Department, testified at trial that with defendant's knowledge she tape-recorded her interview with defendant on the night of his arrest. The audio recording, aswell as a transcript of the interview, were admitted into evidence and published to the jury. Defendant contends he was denied effective assistance of counsel because his trial counsel did not object to the admission of the following testimony from the audio tape and transcript:
Det. Simpson: Would you be willing to take a lie detector test, or go on the box, to be tested on the things that they say happened, that you are saying has not happened?
Defendant: Yes, I don't know how reliable they are. But yes, I will.
Defendant contends by failing to object in this one instance he was denied effective assistance of counsel. However, after careful examination of the record on appeal, it is apparent defendant's trial counsel zealously represented his client. Trial counsel filed several pretrial motions, exercised challenges in jury selection, vigorously cross-examined the State's witnesses, offered witnesses on behalf of defendant, and objected to the admission of evidence on several occasions. Defendant failed to prove "counsel was not functioning as [] 'counsel,'" Strickland, at 687, 80 L. Ed. 2d at 693, or that had the evidence been excluded a different outcome would have resulted. Braswell, at 563, 324 S.E.2d at 248.
Defendant also argues the trial court committed plain error by allowing the jury to hear evidence regarding Detective Simpson's offer, and defendant's acceptance, of a polygraph test. "Under a plain error analysis, defendant is entitled to a new trial only if the error was so fundamental that, absent the error, the juryprobably would have reached a different result." State v. Jones, 355 N.C. 117, 125, 558 S.E.2d 97, 103 (2002).
Although it is well settled that the results of a polygraph test are not admissible into evidence, "every reference to a polygraph test does not necessarily result in prejudicial error." State v. Montgomery, 291 N.C. 235, 243-244, 229 S.E.2d 904, 909 (1976). In the present case, evidence was admitted, without objection, tending to show defendant was offered a polygraph test and he agreed to take it. There was no evidence introduced showing results of the test or whether the test was actually taken. Furthermore, there was an abundance of evidence tending to show defendant sexually abused the two boys. Defendant's own testimony corroborated some of the testimony presented by the victims and Detective Simpson. After careful review of the whole record, State v. Odom, 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983), defendant has not shown that absent the reference to a polygraph test the jury would likely have reached a different verdict. This assignment of error is overruled.
In his next assignment of error, defendant requests that the Court examine the sealed counseling records of the alleged ten-year-old victim to determine whether they contain exculpatory information or other evidence material to defendant. "A defendant who is charged with sexual abuse of a minor has a constitutional right to have [certain government records] as they pertain to the prosecuting witness, turned over to the trial court for an in camera review to determine whether the records contain informationfavorable to the accused and material to guilt or punishment." State v. Henderson, 155 N.C. App. 719, 728, 574 S.E.2d 700, 706, disc. review denied, 357 N.C. 64, 579 S.E.2d 569 (2003). Defendant is entitled to disclosure of the evidence only if the court determines the sealed records contain information that is both favorable and material to defendant. Id.
Evidence is considered "favorable" if it "tends to exculpate the accused, as well as 'any evidence adversely affecting the credibility of the government's witnesses.'" State v. McGill, 141 N.C. App. 98, 102, 539 S.E.2d 351, 355 (2000) (citations omitted). "Evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." Id. at 103, 539 S.E.2d at 356 (citations omitted). "The failure of the trial court to turn over evidence to Defendant that was both favorable and material to Defendant does not guarantee Defendant a new trial, unless the failure was prejudicial to Defendant." Id.
The trial court reviewed the records, determined there was no "relevant or material" information contained in them, and placed the records under seal for appellate review. After thorough review of the records, we agree the records do not contain information "favorable to the accused and material to guilt or punishment." Henderson, 155 N.C. App. at 728, 574 S.E.2d at 706. The assignment of error is without merit.
Defendant's remaining assignments of error were not brought forward in his brief and thus are considered abandoned. N.C. R.App. P. 28(a). We conclude defendant received a fair trial, free of prejudicial error.
No error.
Judges WYNN and McGEE concur.
Report per Rule 30(e).